**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADC TECHNOLOGY INC., | ) | Case No. 1:10-cv-4321 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| v. | ) | Magistrate Judge Maria Valdez |
| | ) | |
| CELLCO PARTNERSHIP d/b/a | ) | |
| VERIZON WIRELESS and T-MOBILE | ) | |
| USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

In accordance with the Court's September 10 and 13, 2010 Minute Orders (Dkt. Nos. 23-24), Plaintiff ADC Technology Inc. ("ADC"), a Japanese corporation, Defendant Cellco Partnership ("Cellco"), a New Jersey general partnership, and Defendant T-Mobile USA, Inc. ("T-Mobile"), a Delaware corporation with a principal place of business in Washington, respectfully submit this joint status report in advance of the October 5, 2010 status hearing.

**A.    THE ATTORNEYS OF RECORD FOR EACH PARTY, INCLUDING THE ATTORNEY(S) EXPECTED TO TRY THE CASE**

| For ADC: | For Cellco: | For T-Mobile: |
|---|---|---|
| Raymond P. Niro<br>Dean D. Niro<br>Patrick F. Solon<br>Richard B. Megley, Jr.<br>Joseph A. Culig<br>NIRO, HALLER & NIRO<br>181 W. Madison Street<br>Suite 4600<br>Chicago, IL 60602 | Vincent J. Belusko<br>Martin M. Noonen<br>Alex S. Yap<br>Jason J. Lee<br>MORRISON & FOERSTER LLP<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA 90013<br><br>Todd H. Flaming<br>Jennifer A. Waters<br>SCHOPF & WEISS LLP<br>One South Wacker Drive, Suite 2800<br>Chicago, IL 60606 | Ramsey M. Al-Salam<br>Ryan J. McBrayer<br>PERKINS COIE LLP<br>1201 Third Avenue<br>40th Floor<br>Seattle, WA 98101<br><br>Brandy R. McMillion<br>PERKINS COIE LLP<br>131 S. Dearborn<br>Suite 1700<br>Chicago, IL 60612 |

**B.      THE BASIS FOR FEDERAL JURISDICTION**

This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has exclusive jurisdiction over the subject matter of this case for patent infringement under 28 U.S.C. § 1338(a).  Cellco and T-Mobile (collectively, "Defendants") do not dispute that this Court has personal jurisdiction over Defendants for purposes of this case.

**C.      THE NATURE OF THE CLAIMS ASSERTED IN THE COMPLAINT AND ANY COUNTERCLAIM**

This is a patent infringement case involving U.S. Patent Nos. 6,985,136 ("the '136 Patent"), 7,057,605 ("the '605 Patent") and 7,567,361 ("the '361 Patent") (collectively, "the Patents in Suit") brought by ADC.  ADC contends that Cellco has infringed at least one claim of each of the '605 and '361 Patents, at least by importing, using, selling, and offering to sell mobile communication devices, including but not limited to phones designated by the names Verizon Escapade and Verizon CDM8975.  ADC further contends that T-Mobile has infringed at least one claim of each of the Patents in Suit, at least by importing, using, selling, and offering to sell mobile communication devices, including but not limited to phones designated by the names T-Mobile Tap, T-Mobile My Touch$^{TM}$ and T-Mobile G1$^{TM}$.  ADC contends that it is entitled to an award of monetary damages and injunctive relief.

Defendants' asserted defenses include that they do not infringe any claim of the '605 and '361 Patents; that each asserted claim of the '605 and '361 Patents is invalid; that ADC's claim for relief as to the '605 Patent is limited or barred by the doctrines of laches; and that the doctrines of exhaustion, have made rights, and/or express or implied license limit or preclude ADC from recovering any prospective damages.   Defendants have not asserted any

counterclaims, but reserve the right to move for leave to add additional defenses and counterclaims.

ADC has also sued other defendants in this District for infringement, although the cases against Apple Inc., Nokia Corp., Sony Ericsson Mobile Communications AB, and Research In Motion Limited have been dismissed. (*See* Appendix A.)

**D.     THE NAME OF ANY PARTY WHO OR WHICH HAS NOT BEEN SERVED, AND ANY FACT OR CIRCUMSTANCE RELATED TO NON-SERVICE OF PROCESS ON SUCH PARTY**

None.

**E.     THE PRINCIPAL LEGAL ISSUES**

The principal legal issue involved in Plaintiff's case is claim construction, or how the words of the claim are understood by a person of ordinary skill in the art. The Court must construe the claims as a matter of law. The principal legal issues involved in Defendants' case include claim construction, and whether the asserted claims are invalid for one or more reasons including but not limited to (1) obviousness under 35 U.S.C. § 103(a), (2) lack of enablement under 35 U.S.C. § 112, ¶ 1, and/or (3) indefiniteness under 35 U.S.C. § 112, ¶ 2. In addition, there may be legal limitations (such as prosecution history estoppel and vitiation) on any attempt by Plaintiff to establish infringement under the doctrine of equivalents. Moreover, to the extent that either Defendant is found to infringe any valid and enforceable claim, there may be legal issues associated with limitations on ADC's ability to recover damages.

**F.     THE PRINCIPAL FACTUAL ISSUES**

The principal factual issues pertaining to Plaintiff's case include the determination of infringement and damages. The principal factual issues pertaining to Defendants' case include (1) whether Defendants infringe the claims asserted against their accused products as such claims are properly construed, (2) the existence of prior art, (3) whether the prior art anticipates the

asserted claims, (4) whether the asserted claims have adequate written description support, (5) whether the named inventor failed to disclose the best mode, and (6) any factual issues underlying certain questions of law (such as a determination of obviousness or lack of enablement). In addition, to the extent that either Defendant is found to infringe any valid and enforceable claim, there will be factual issues associated with a determination of damages and also with respect to limitations on ADC's ability to recover damages.

**G.      WHETHER A JURY TRIAL HAS BEEN DEMANDED BY ANY PARTY**

A jury trial has been demanded.

**H.      A BRIEF DESCRIPTION OF ANY DISCOVERY THAT HAS BEEN TAKEN AND OF THE DISCOVERY ANTICIPATED TO BE REQUIRED, AND SUGGESTED DATES FOR DISCOVERY DEADLINES AND CUTOFF**

Discovery has not started. The parties have agreed on a preliminary schedule which is based on the Local Patent Rules (see Appendix A). The parties agree to comply with Fed. R. Civ. P. 26-36 for establishing the maximum number and limits for interrogatories, requests for admission and depositions, and for other discovery matters (while reserving the right to move for additional discovery for good cause).

**I.       IF REASONABLY ASCERTAINABLE AT THIS EARLY STAGE OF THE CASE, THE EARLIEST DATE THE PARTIES WOULD BE READY FOR TRIAL AND THE ESTIMATED LENGTH OF TRIAL**

ADC believes this case should be reassigned to Judge Kocoras who, as noted below, currently has an earlier-filed case between ADC and HTC involving infringement of the same ADC patents. HTC is one of the largest, non-licensed remaining vendors of T-Mobile and Cellco. Accordingly, ADC believes it makes sense to have the infringement issues of HTC and its customers T-Mobile, Cellco and U.S. Cellular resolved at the same time in front of one judge. Because Judge Kocoras has the lower-numbered case, ADC believes the case should be condonsolidated before Judge Kocoras. ADC anticipates its case can be completed in four days.

Defendants believe that the claims against Cellco and T-Mobile, consistent with Judge Conlon's June 23, 2010 decision in *ADC Technology Inc. v. LG Electronics Mobilecomm U.S.A., Inc. et al.*, Case No. 1:10-cv-01456 (N.D. Ill.), should be severed for all purposes, and at least for trial. While T-Mobile is amenable to being severed from the present case and transferred to the pending HTC case, and Cellco would not object to that result, Cellco objects to consolidation and to Cellco being transferred to the HTC case. Without severance, Defendants anticipate their case will be completed in five to seven days, although the length of the trial cannot be precisely estimated without discovery.

**J.      WHETHER THE PARTIES CONSENT UNANIMOUSLY TO PROCEED BEFORE A MAGISTRATE JUDGE**

The parties do not consent to proceed with trial before a Magistrate Judge.

**K.      STATUS OF ANY SETTLEMENT DISCUSSIONS**

ADC provided a settlement proposal to T-Mobile.

**L.      WHETHER THE PARTIES REQUEST A SETTLEMENT CONFERENCE**

ADC requests a settlement conference at the convenience of the Court. Defendants suggest that the parties first engage in direct settlement talks and, if such talks are unsuccessful, they consider seeking the Court's involvement in a formal settlement conference.

**M.      MISCELLANEOUS**

The parties have reached certain discovery agreements relating to issues such as responding to discovery requests, document production, electronic discovery, expert discovery, and logging of privileged information, and such agreements are set forth as part of Appendix A.

**SUBMITTED BY:**

Date: September 29, 2010

/s/ Richard B. Megley, Jr.

Raymond P. Niro
Dean D. Niro
Patrick F. Solon
Richard B. Megley, Jr.
Joseph A. Culig
NIRO, HALLER & NIRO
181 West Madison Street
Suite 4600
Chicago, IL 60602-4515
Tel:     (312) 236-0733
Fax:     (312) 236-3137

***Attorneys for Plaintiff ADC Technology, Inc.***

Dated: September 29, 2010

/s/ Vincent J. Belusko (*with permission*)

Vincent J. Belusko (vbelusko@mofo.com)
Martin M. Noonen (mnoonen@mofo.com)
Alex S. Yap (ayap@mofo.com)
Jason J. Lee (jlee@mofo.com)
Morrison & Foerster LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Tel:     (213) 892-5200

Todd H. Flaming (flaming@sw.com)
Jennifer A. Waters (waters@sw.com)
SCHOPF & WEISS LLP
One South Wacker Drive, Suite 2800
Chicago, Illinois 60606-1721
Tel:     (312) 701-9300

***Attorneys for Defendant Cellco Partnership d/b/a Verizon Wireless***

Dated: September 29, 2010

/s/ Ramsey M. Al-Salam (*with permission*)

Ramsey M. Al-Salam
ralsalam@perkincoie.com
Ryan J. McBrayer
rmcbrayer@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, 40th Floor
Seattle, Washington 98101
Tel:    (206) 359-6385

Brandy R. McMillion
bmcmillion@perkinscoie.com
PERKINS COIE LLP
131 S. Dearborn, Suite 1700
Chicago, Illinois 60612
Tel:    (312) 324-8587

**Attorneys for Defendant T-Mobile USA, Inc.**

## APPENDIX A

## Agreed Discovery Plan

| Event | Agreed Upon Date |
|---|---|
| Initial Disclosures (LPR 2.1) | December 7, 2010 |
| Fact Discovery Commencement Date (LPR 1.3) | December 7, 2010 |
| Initial Infringement Contentions (LPR 2.2) | December 21, 2010 |
| Initial Non-Infringement, Unenforceability and Invalidity Contentions (LPR 2.3) | January 25, 2011 |
| Document Production Accompanying Initial Invalidity Contentions (LPR 2.4) | January 25, 2011 |
| Initial Response to Invalidity Contentions (LPR 2.5) | February 15, 2011 |
| Final Infringement Contentions (LPR 3.1) | May 24, 2011 |
| Final Unenforceability and Invalidity Contentions (LPR 3.1) | May 24, 2011 |
| Document Production Accompanying File Invalidity Contentions (LPR 3.3) | May 24, 2011 |
| Final Non-Infringement Contentions (LPR 3.2) | June 21, 2011 |
| Final Contentions in Response to Any Final Unenforceability and Invalidity Contentions (LPR 3.2) | June 21, 2011 |
| Deadline to File Motion To Stay Pending Any Reexamination (LPR 3.5) | June 21, 2011 |
| Exchange of Proposed Claim Terms to Be Construed Along With Proposed Constructions (LPR 4.1(a)) | July 8, 2011 |
| Deadline To Meet And Confer And Agree On No More Than 10 Terms or Phrases To Submit For Construction (LPR 4.1(b)) | July 15, 2011 |
| Fact Discovery Closes (LPR 1.3) | August 5, 2011 |
| Defendants File Opening Claim Construction Brief (LPR 4.2(a)) | August 12, 2011 |
| File Joint Appendix (LPR 4.2(b)) | August 12, 2011 |
| Plaintiffs File Responsive Claim Construction Brief (LPR 4.2(c)) | September 9, 2011 |
| Defendants File Reply Claim Construction Brief (LPR 4.2(d)) | September 23, 2011 |
| Joint Claim Construction Chart and Joint Status Report (LPR 4.2(f)) | October 28, 2011 |
| Fact Discovery Reopens (LPR 1.3) | Date of Entry of Claim Construction Ruling |

| Event | Agreed Upon Date |
|---|---|
| Discovery Concerning Opinions of Counsel (LPR 3.6) | Seven (7) Days After Entry of Claim Construction Ruling and Reopening of Fact Discovery |
| Fact Discovery Closes (LPR 1.3) | 42 Days After Entry of Claim Construction Ruling |
| Disclosure of Experts and Expert Reports (LPR 5.1(b)) | 21 Days After Fact Discovery Closes After Entry of Claim Construction Ruling |
| Rebuttal Expert Witness Disclosures (LPR 5.1(c)) | 35 Days After Initial Expert Reports |
| Completion of Depositions of Experts (LPR 5.2) | 35 Days After Rebuttal Expert Reports |
| Final Day for Filing Dispositive Motions (LPR 6.1) | 28 Days After Close of Expert Discovery |

## Discovery Agreements

**1.      Responding to Discovery Requests**

The parties agree that when responding to discovery requests, each party shall construe broadly terms of art used in the patent field (*e.g.*, "prior art," "best mode," "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used.  Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

**2.      Document Production and Electronic Discovery** – The parties have reached the following agreements regarding document production and electronic discovery:

(i)      Documents and electronically stored information shall be produced electronically (*e.g.*, on compact discs) with the preferred mode of production being an imaged format (*e.g.*, TIFF) with load files.  Duplicate copies of identical documents need not be produced.  The parties have further agreed that they will meet and confer in good faith to attempt to ensure that

the format of each party's production is compatible with the technical requirements of the receiving party's document management system.

(ii)    The parties stipulate that service of letters, discovery requests, and other documents that are not required to be filed with the Court electronically shall be made, at a minimum, via e-mail addressed to counsel of record. The parties consent to service by e-mail in accordance with Fed. R. Civ. P. 5(b)(2)(E), and agree that service by e-mail shall constitute personal service (as if made under Fed. R. Civ. P. 5(b)(2)(A)) for purposes of calculating due dates under Fed. R. Civ. P. 6. For documents other than court filings that are electronically served via the Court's CM/ECF system, the parties further agree that for service by e-mail to be effective on a particular day, the e-mail must be sent no later than 7:00 p.m. Central time; otherwise, the document shall be deemed to have been served on the next court day thereafter.

**3.**    **Expert Discovery** – The parties have reached the following agreements regarding expert discovery:

(i)    A testifying expert's draft reports, notes, outlines, and any other writings relating to this litigation leading up to his or her final report(s) in this case are exempt from discovery. In addition, communications (whether oral or written) between an expert retained by counsel (or the expert's assistants) and the retaining party's other experts, employees, consultants, and in-house or outside counsel, are exempt from discovery, except that if a retained testifying expert relies upon communications with other experts or a party's employees or consultants in forming his or her opinions in this matter, such communications are not exempt from discovery.

(ii)    A testifying expert witness must produce with his or her final report(s) all materials on which he or she relied. To the extent that the expert relies upon information that has

been previously produced, the expert may identify such documents by Bates number in lieu of producing such information.

(iii)    Notwithstanding the above exclusions, compensation arrangements and compensation related documents for experts (*e.g.*, an expert's bill and invoices to his or her client(s) regarding the litigation, which may be redacted as necessary for attorney-client privilege, work-product protection, or any other privilege or protection) shall be discoverable.

(iv)    No discovery can be taken from any consulting expert except to the extent that such consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, trial or deposition testimony, or any opinion in this case.    Materials, communications, and other information exempt from discovery under this subparagraph shall be treated as attorney work product for the purposes of this litigation.

4.    **Privileged Information** – There is no duty to disclose privileged documents or information.  Within sixty (60) days of a production, a producing party shall provide to the receiving party privilege logs identifying the documents or information and the basis for any claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  There is no requirement to log privileged documents created after the filing of this lawsuit.  Any party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log within thirty (30) days of receiving the producing party's privilege logs.

5.    **Other Discovery Issues**

The parties recognize that although the Local Patent Rules provide dates for initial and subsequent disclosures, discovery, claim construction, expert reports, and the like, those dates may be modified "based on the circumstances of any particular case." L.P.R. 1.1. ADC is located in Japan. ADC has filed other cases alleging infringement of the ADC Patents by other parties in the Northern District of Illinois. These cases are in the initial stages of litigation (see below). Many documents, things and witnesses may be located in Japan which may require certain contingencies, such as translations, scheduling, obtaining space at the United States Consulate, etc. ADC and Defendants recognize that certain issues with respect to discovery may arise. As such, ADC and Defendants agree to attempt to coordinate and simplify discovery (depositions, prior art, etc.), claim construction and other issues in this case, as well as the other cases, whenever possible. Additionally, due to the uncertainties in these matters, the parties recognize that the proposed schedule may need to be adjusted at some time in the future.

**Cases Pending In the Northern District of Illinois Involving the ADC Patents**

As of the present date, ADC has filed the following cases in the Northern District of Illinois, alleging that different parties have infringed the same patents that are at issue in this action:

*ADC Technology Inc. v. LG Electronics Mobilecomm U.S.A., Inc. et al.*, Case No. 1:10-cv-01456, filed 03/04/10 (Conlon, J.)

*ADC Technology Inc. v. United States Cellular Corporation et al.*, Case No. 1:10-cv-03930, filed 06/24/10 (Kocoras, J.)

*ADC Technology Inc. v. Kyocera Communications Inc. et al.*, Case No. 1:10-cv-03938, filed 06/24/10 (Dow, J.)

*ADC Technology Inc. v. Palm Inc.*, Case No. 1:10-cv-03940, filed 06/24/10 (Hibbler, J.)

*ADC Technology Inc. v. Cellco Partnership et al.*, Case No. 1:10-cv-04321, filed 07/12/10 (Dow, J.)

*ADC Technology, Inc. v. Garmin Int'l, Inc.*, Case No. 1:10-cv-05327, filed 08/24/2010 (Pallmeyer, J.)